Edward A. Broderick, *Admitted Pro Hac*
Email: ted@broderick-law.com
BRODERICK LAW, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile:  (617) 830-0327

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCHAFFER and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>FIRST CHOICE PAYMENT SOLUTIONS G.P., d/b/a SEKURE MERCHANT SOLUTIONS<br>       Defendants. | NO.  8:18-cv-01981-DOC<br><br>NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed:     July 5, 2017<br>HEARING DATE:  March 30, 2020<br>TIME:            8:30 a.m.<br>LOCATION:    411 West Fourth Street, Santa Ana, CA 92701 **Telephone Hearing Requested** |

- i -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

TO:   THE CLERK OF THE COURT; and DEFENDANT FIRST CHOICE
      PAYMENT SOLUTIONS, G.P, and ITS ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on March 30, 2020, at 8:30 a.m., or as soon thereafter as this matter may be heard, at the Oakland Courthouse for the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California, 92701, Plaintiffs James Schaffer and Terry Fabricant will move for preliminary approval of a class action settlement in the above-captioned matter.

      Plaintiff seeks a Court order that (1) certifies the proposed settlement classes for settlement purposes only; (2) grants preliminary approval of the proposed settlement; (3) directs notice to be disseminated to class members in the form and manner proposed by the parties as set forth in the settlement agreement; (4) appoints KCC to serve as the Settlement Administrator; and (5) sets a schedule and hearing date for final approval of the settlement and related deadlines.

      The motion will be based on: this Notice of Motion; the following Memorandum of Points and Authorities; the declarations of Edward Broderick, Anthony Paronich, Robert Stempler, Andrew Heidarpour and Matthew McCue; the attached Class Action Settlement and exhibits thereto; the records and file in this action; and such other matter as may be presented before or at the hearing of the motion.

- ii -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..............................................................................1

II.   BACKGROUND ............................................................................2

  A.  Statutory Background of Plaintiff's Claims ...................................2

  B.  Plaintiffs' Allegations ...................................................................3

  C.  The Litigation and Settlement Negotiations..................................3

  D.  Terms of the Settlement.................................................................4

III.   ARGUMENT AND AUTHORITY ................................................9

  A.  The proposed Settlement Classes should be preliminarily certified. .............10

    1.  The Settlement Classes satisfy the requirements of Rule 23(a)..................10

    2.  The Settlement Class satisfies the requirements of Rule 23(b)(3)..............12

  B.  The proposed Settlement should be preliminarily approved.........................14

    1.  The strength of Plaintiffs' case..................................................14

    2.  The risk, expense, complexity, and likely duration of further litigation.....17

    3.  The risk of maintaining class action status through trial. ...........................17

    4.  The amount offered in Settlement.................................................17

    5.  The extent of discovery completed and the stage of proceedings. ............18

    6.  The experience and views of counsel.........................................19

    7.  The presence of a governmental participant. ............................................20

    8.  The reaction of Settlement Class Members to the proposed Settlement. ...20

    9.  Lack of collusion among the parties. .........................................20

  C.  Plaintiffs' attorneys' fees are reasonable.......................................21

  D.  The Service Awards are reasonable. ..............................................22

  E.  The proposed Notice Plan should be approved..............................23

    1.  The Settlement provides for the best notice practicable under the circumstances. ..................................................23

- iii -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

2.  The proposed notice forms adequately inform Settlement Class Members of the Settlement and their rights. .......................................................24

F.  The schedule for final approval. ...................................................24

IV.  CONCLUSION .............................................................................25

- iv -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018)..................................................17

*Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012)..............................................................22

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)..............................11

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015)........23

*Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal. 2007)...............12

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004) ........................................................................................................................16

*Custom LED, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014)...................................................................................21

*Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, 372 (3d Cir. 2015).........................18

*Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019).....................................19

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011)................11

*Ellis*, ............................................................................................................14

*Estrada v. iYogi, Inc.,* No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015)...............................................................................................21

*Gadelhak v. AT&T Services, Inc.*, 7th Circuit Court of Appeals, Action No. 19-1739 (February 19, 2020) ...........................................................................................18

*Glasser v. Hilton Grand Vacations, LLC, 202 U.S. App. LEXIS 2481* (January 27, 2020)...................................................................................................................18

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ..........................16

Harris v. Vector Mktg. Corp., No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011)..............................................................................................24

*Hawthorne v. Umpqua Bank*, No. 11-cv-6700-JST, 2014 WL 4602572, at *6 (N.D. Cal. Sept. 15, 2014)............................................................................................29

*Ikuseghan v. Multicare Health System*, No. C14-5539 BHS, 2015 WL 4600818 ..15

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) 25

*In re Bluetooth*, 654 F.3d at 941 ...........................................................................26

*In re Capital One Tel. Consumer Prot. Act Litig. (In re Capital One)*, 80 F. Supp. 3d 781, 787 (N.D. Ill. 2015) ..............................................................................21

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ....................22

*In re Nat'l Collegiate Athletic Ass'n*, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017)...................................................................................................................27

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015).........8

- v -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) ................................................................................................ 16, 17

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 2212783, at *9 (N.D. Cal. May 17, 2017) ................................................................................................11

*King v. Time Warner Cable Inc.*, 894 F.3d 473, n.5 (2d Cir. 2018)........................18

*Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) ................................................................................23

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)................20

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) ................................................15

*Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425 at *3 (N.D. Ga. Jan. 30, 2017)................................................................27

*Marks*..............................................................................................................19

Marks v. Crunch, 904 F.3d 1041 (9th Cir. 2018) ................................................18

*Mercury Interactive*..........................................................................................26

*Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ................................................................10

*Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329–30 & n.9 (W.D. Wash. 2009) ..............................................................................................27

*Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ....................................8, 25

*Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013)...........27

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) ...............10

Rodriguez, 563 F.3d at 965 ................................................................................24

*Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM (JCx), 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) ................................................28

Smith v. LoanMe, Inc., E069752, 2019 WL 6974386 (Cal. App. 4th Dist. Dec. 20, 2019) ..............................................................................................19

*Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) ................................................................................22

*Sykes v. Mel Harris & Assoc., LLC*, 09 Civ. 8486 (DC), 2016 WL 3030156, at *18 (S.D.N.Y. May 24, 2016) ................................................................27

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ...........................15

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) .....................9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ................................12

*Wellens v. Sankyo*, Case No. 3:13-cv-00581-WHO, 2016 WL 8115715, at *4 (N.D. Cal. Feb. 11, 2016) ................................................................................9

*Whitaker v. Bennett Law, PLLC*, No. 13-3145, 2014 WL 5454398, at *5 (S.D. Cal. Oct. 27, 2014) ................................................................................12

*Whitaker*, 2014 WL 5454398, at *5................................................................13

- vi -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

**Statutes**

California Penal Code § 632.7 ............................................................1, 5
Class Action Fairness Act, 28 U.S.C. § 1715 ........................................23
Telephone Consumer Protection Act, 47 U.S.C. § 227 .............................1

**Rules**

Fed. R. Civ. P. 23(a)(3)..........................................................................13
Fed. R. Civ. P. 23(b)(3)..........................................................................15
Fed. R. Civ. P. 23(e)(1)..........................................................................28
Fed. R. Civ. P. 23(f)...............................................................................20

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

# I.    INTRODUCTION

Plaintiffs James Schaffer and Terry Fabricant ("Plaintiffs") seek preliminary approval of a proposed settlement (attached hereto as Exhibit 1) ("Settlement Agreement") that requires defendant First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions ("First Choice" or "Defendant") to pay $1,600,000 to establish a common fund for the benefit of two proposed classes of users or subscribers of 155,071 cellular telephones on a Class List.[1] The Settlement resolves claims against Defendant for its alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for the TCPA Class and of California Penal Code § 632.7 for the alleged violations of CIPA.

After engaging in fact and expert discovery as to Defendant, taking depositions, arguing two motions to compel discovery responses and amending the complaint based on information uncovered in discovery, Plaintiffs were armed with a sufficient understanding of the strengths and weaknesses of their case to enter into settlement negotiations. The parties' discussions were facilitated by nationally recognized mediator Peter Grilli, Esq. in Tampa, Florida in an in-person mediation session on October 29, 2019 and continued over the course of the

---

[1] First Choice does not oppose this motion insofar as it supports the settlement. First Choice does not concede or admit, and in fact disputes, many of Plaintiff's assertions. All capitalized terms not defined herein have the meanings set forth in the Settlement Agreement.

following months. The parties have now documented a proposed Settlement Agreement and request Court approval to notify class members of its terms.

The Settlement Fund will be distributed through a claims process to class members who submit a simple claim form. Based on their experience with claims rates in TCPA and other class settlements, Plaintiff's counsel estimate that each participating class member will receive approximately $60. This recovery is well above the average in TCPA class actions and merits the preliminary approval of the Court.

## II.     BACKGROUND

### A.     Statutory Background of Plaintiff's Claims

The TCPA renders it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1).

California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent

- 2 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

required by Penal Code § 632 is that the act of recording itself be done intentionally.

## B.   Plaintiffs' Allegations

On June 27, 2018 the Plaintiff Fabricant alleges that he received a predictively dialed call from Defendant on his cellular telephone using an ATDS. Mr. Fabricant alleges that the telemarketer, "Jonathan" attempted to sell the Plaintiff Fabricant Sekure goods or services. Fabricant alleges that "Jonathan" never disclosed that the call was being recorded.

Plaintiff Schafer alleges that on October 19, 2018 he was called by Sekure on his cellular telephone via an ATDS. Plaintiff Schafer spoke to "Danielle", who identified herself as an employee of Sekure and attempted to sell the Plaintiff Sekure's services. Plaintiff Schafer alleges he was not informed that the call was being recorded.

## C.   The Litigation and Settlement Negotiations

The parties litigated this action for over a year before commencing settlement negotiations. Plaintiffs' initial complaint field on November 5, 2018 alleged only TCPA violations. On June 18, 2019, based on information received in discovery, Plaintiffs added a second count for alleged violations of CIPA. Over the course of discovery, Plaintiffs propounded multiple sets of discovery to Defendant

- 3 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

served third party subpoenas to parties involved in the telemarketing, received more than 10,000 pages of documents in response and took depositions of three of Defendant's employees in Montreal, Canada. Plaintiffs also retained an expert witness, Anya Verkhovskaya, to analyze the call records obtained in discovery to identify the number of calls and recordings. Plaintiffs retained a second expert, Randy Snyder, to opine on whether the Five9 system allegedly used by Defendant qualified as an ATDS.  The Plaintiffs retained a third expert, Dr. Michael Mandel, to opine on the ability to identify which telemarketing calls were recorded for purposes of a CIPA violation.

Armed with a well-developed record, Plaintiffs participated in a mediation session in Tampa, Florida on October 29, 2019 with Peter J. Grilli, Esq., a nationally-recognized mediator with particular expertise in resolving TCPA class actions. Broderick Dec. ¶ 6. While the mediation session didn't result in a settlement, in the following months, the Parties continued to pursue subsequent, good-faith, arms-length settlement negotiations that resulted in an agreement on the material terms of this Agreement.

**D.     Terms of the Settlement**

The terms of the settlement are memorialized in the parties' Class Action Settlement Agreement ("SA"), Ex. 1.[2]

---

[2] Defined terms used in this motion are defined in the Class Action Settlement Agreement.

1.   The Proposed Settlement Classes

The "TCPA Class" is defined as the user or subscribers of 155,071 cellular telephone numbers on the Class List who allegedly received calls made by Defendant. *Settlement Agreement*, ¶ 1.48. A second class, which is a subset of the TCPA Class, is the "CIPA Class" which consist of 19,460 cellular telephone numbers, also on the Class List, assigned to California area codes. Plaintiffs allege that members of the CIPA Class were recorded without proper disclosure in violation of California Penal Code § 632.7 ("CIPA"). *Settlement Agreement*, ¶ 1.7.

2.   The Released Claims

In exchange for the benefits provided by the settlement, members of the TCPA Class will release any legal claims that arise from the telemarketing calls made by First Choice from February 2, 2018 through the date of Final Approval by the Court. Members of the CIPA Class release their legal claims that arise from the telemarketing calls from June 18, 2018 through the date of Final Approval by the Court. Both Settlement Classes are precisely defined as the users or subscribers of the telephone numbers on the Class List, rather than a broad national class of all individuals who may have received calls.

### 3. The Settlement Fund and Allocation of the Settlement Fund

The proposed settlement requires First Choice to pay $1,600,000 to distribute to participating class members and to pay the attorneys' fee award, service award, and settlement administration costs. SA § 1.45. After payment of the attorneys' fee award, service award, and settlement administration costs approved by the Court, the settlement fund will be distributed to all class members who submit timely and valid claim forms. SA § 4.3(b).

Recovery to all Members who file a valid claim pursuant to Section 5 of the Settlement Agreement on a *pro rata* basis based on the number of valid claim forms received. Multiple subscribers and/or users of any unique telephone number shall be limited to a single recovery per call. In calculating the *pro rata* payment: (1) Members of the TCPA Class only shall be entitled to one share each for their respective TCPA claims; and (2) Members of the CIPA Class, who are by definition already part of the TCPA Class, shall also be entitled to an additional one share each for their respective CIPA claims. To spell out the calculation, the total number of validly claiming TCPA Class Members plus the total number of validly claiming CIPA class members shall be divided into the Settlement Class Recovery to yield a "share." Each such share shall permit a Member to be paid, by a Benefit Check, a Cash Benefit equal to the net of the Settlement Class Recovery divided by the total number of shares allocated to all Members. *Id.*

- 6 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

Class members will have 60 days from the mailing of the notice to submit a claim form. SA § 5. Any class members who deposit or cash their recovery will receive another *pro rata* distribution from the common fund from class members who did not cash or deposit the first settlement check (unless the cost of doing so is administratively infeasible). SA § 4.3(d). The settlement fund is non-reversionary. SA § 4.3(d). If funds remain due to uncashed checks, they will be disbursed to the National Consumer Law Center, to the extent it is administratively infeasible to further distribute them to settlement class members. SA § 1.15.

### 4.    Remedial and Non-Monetary Relief

Defendant agrees that it will take remedial steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to cellular telephone service. SA, ¶ 4.2.

### 5.    The Settlement Administrator and Settlement Administration Costs

The Plaintiffs have retained KCC as the Settlement Administrator, subject to Court approval. SA § 1.42. KCC has extensive experience administering class action settlements, particularly under the TCPA. KCC estimates that the administration will not exceed $165,000, although that estimate is dependent on the number of claims received. Broderick Decl. ¶ 9.

- 7 -

### 5. The Requested Fee Award

Class Counsel expect to request attorneys' fees of 25% of the settlement fund, or $400,000, which is in line with the Ninth Circuit's benchmark. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

### 6. The Requested Service Award

Plaintiffs will apply for service awards in the amount of $5,000 each, to be paid from the settlement fund, in recognition of their service to the class and in consideration for a release of Plaintiffs' individual claims. SA § 15.2. Service awards that are "intended to compensate class representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (quoting *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009)).

Plaintiffs devoted time to this case that would otherwise have been spent on business and assisted with developing the factual allegations, responding to written discovery and in negotiations. Broderick Decl. ¶ 10. Plaintiffs' willingness to step forward and lead this litigation on behalf of the class, and the efforts Plaintiffs put forward to ensure this successful resolution, justify the requested service award.[3]

---

[3] *See, e.g.*, *Wellens v. Sankyo*, Case No. 3:13-cv-00581-WHO, 2016 WL 8115715, at *4 (N.D. Cal. Feb. 11, 2016) (awarding class representatives service awards of $25,000 each).

### 7.    The Cy Pres Recipient

If there is money left over following the initial distribution that is too small to be practicably distributed to class members, the parties propose that it go to the National Consumer Law Center, a nonprofit organization that works for consumer, including advocating against illegal telemarketing. The National Consumer Law Center has been approved as designee in multiple TCPA class settlements.

## III.    ARGUMENT AND AUTHORITY

In the Ninth Circuit, "there is an overriding public interest in settling and quieting litigation … particularly … in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). Courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (citation omitted).

Proposed class action settlements are not effective unless approved by the court. Fed. R. Civ. P. 23(e). The main purpose of the court's supervision of class action settlements is to ensure "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Courts use a "two-step process" for the approval of class action

- 9 -

settlements, in which courts "first 'determine[] whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 2212783, at *9 (N.D. Cal. May 17, 2017) (citation omitted).

When a case settles before class certification, the court must also determine whether the class satisfies the Rule 23 requirements for class certification. Because a settled case will not be tried, manageability considerations are not relevant. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

**A.     The proposed Settlement Classes should be preliminarily certified.**

Plaintiffs requesting class certification must demonstrate "that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). The proposed Settlement Classes satisfy all of the Rule 23 requirements.

1.     The Settlement Classes satisfy the requirements of Rule 23(a).

The Rule 23(a) requirements are numerosity, commonality, typicality and adequacy. Fed. R. Civ. P. 23(a). The proposed Settlement Classes include at least 155,071 and 19,460 people respectively, which more than satisfies the numerosity

- 10 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

requirement. *See Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal. 2007) (numerosity is generally satisfied when the class comprises 40 members or more).

The proposed Settlement Classes also satisfy the commonality requirement of Rule 23(a), which requires that class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The central questions in this case are whether First Choice violated the TCPA in placing calls to the TCPA Class, and in the case of the CIPA Class, whether those calls were recorded in violation of CIPA. The answers to these questions turn on common evidence and can be fairly resolved for all class members at once. *See, Whitaker v. Bennett Law, PLLC,* No. 13-3145, 2014 WL 5454398, at *5 (S.D. Cal. Oct. 27, 2014) (finding that commonality was satisfied where the central issue was whether the defendant used an ATDS or prerecorded or artificial voice to make unsolicited calls).

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims of other class members because they arise from the same course of alleged conduct: telemarketing calls placed to cell phones promoting First Choice's goods and services. Plaintiffs and proposed

- 11 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

member of the Settlement Classes Members all seek statutory damages under the TCPA and CIPA. In such circumstances, typicality is satisfied. *See, e.g.*, *Whitaker*, 2014 WL 5454398, at *5 (finding typicality satisfied because each class member's claim "revolves exclusively around [the defendant's] conduct as it specifically relates to the alleged violations of the TCPA").

Finally, to make the adequacy determination, "courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Plaintiffs have no conflicts of interest with the other proposed class members and have demonstrated their commitment to the class by actively participating in the litigation. Plaintiffs are represented by counsel who are experienced in litigating class action cases and TCPA claims in particular, and who have previously been appointed by the courts in consumer class actions. Broderick Decl. ¶¶ 11-16; Paronich Decl. ¶¶ 5-8; Stempler Decl. ¶¶ 8-14; Heidarpour Decl. ¶¶ 2-4 and McCue Decl. ¶¶ 4, 9-15.

### 2.    The Settlement Class satisfies the requirements of Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) when "questions of law or fact common to the members of the class predominate over any question

- 12 -

affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Both requirements are satisfied in this case. Common questions predominate over any questions affecting only individual members. The overarching common questions are whether First Choice violated the TCPA by dialing with an ATDS and/or CIPA by recording calls to California consumers without prior notification. These questions can be resolved using the same evidence for all class members and is exactly the kind of predominant common issue that makes certification appropriate. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) ….'" (citation omitted)). Because of the numerous common issues that typically predominate over individual issues, courts routinely certify TCPA claims. *See, e.g., Ikuseghan v. Multicare Health System*, No. C14-5539 BHS, 2015 WL 4600818, at *8 (W.D. Wash. July 29, 2015).

Class certification is also "superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Classwide resolution is the only practical method of addressing the alleged telemarketing violations at issue in this case. Class members with modest individual claims cannot economically to seek individual legal redress. *See Local Joint Exec. Bd. of*

- 13 -

*Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001).

## B.    The proposed Settlement should be preliminarily approved.

In the past, courts have focused only on whether the proposed agreement appears to be non-collusive, is free of "obvious deficiencies," and generally falls within the range of "possible" approval. *See, e.g., In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007). More recently, courts have required a more fulsome consideration of the merits of a settlement at the preliminary approval stage. These courts apply the factors set forth by the Ninth Circuit in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004), which are used by courts to determine whether a settlement is fair, adequate, and reasonable at the final approval stage.

Plaintiffs agree that a more exacting review is appropriate at preliminary approval and will address each of the factors outlined by the Ninth Circuit, all of which—with the exception of the reaction of Settlement Class Members, since they have yet to be notified—support preliminary approval of the Settlement.

### 1.    The strength of Plaintiffs' case.

Plaintiffs believe they have a strong case for liability. Broderick Decl. ¶ 7. Plaintiffs obtained calling records and expert testimony that the system used constituted an ATDS.

But success on this score was certainly not guaranteed. One of those risks focuses on the question of whether First Choice's dialing system is an "Automatic Telephone Dialing System" under the TCPA. As an initial matter, on July 10, 2015, the FCC released an omnibus declaratory ruling clarifying numerous relevant issues affecting the TCPA, including definition of an ATDS under the statute[4]—which was overturned in part in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). Following the D.C. Circuit's decision in *ACA Int'l* courts have been split on what constitutes an ATDS under the TCPA.

The Ninth Circuit's view, announced in *Marks v. Crunch*, 904 F.3d 1041 (9th Cir. 2018) that to qualify as an ATDS a dialer need not generate the numbers that it are going to be called, has become a minority view among circuit courts to consider the issue. *See Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, 372 (3d Cir. 2015) (holding that "'random or sequential' number generation ... refers to the numbers themselves rather than the manner in which they are dialed"). The Second Circuit seems to agree with the Third Circuit in *King v. Time Warner Cable Inc.*, 894 F.3d 473, n.5 (2d Cir. 2018), although *King* remanded the ATDS issue to the

---

[4]     *See* https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf.

District Court for further factual findings. The Eleventh Circuit has adopted a version of the same analysis, *Glasser v. Hilton Grand Vacations, LLC, 202 U.S. App. LEXIS 2481* (January 27, 2020), as did the Seventh Circuit, *Gadelhak v. AT&T Services, Inc.*, 7th Circuit Court of Appeals, Action No. 19-1739 (February 19, 2020). If the Supreme Court were to reject the reasoning of *Marks* in resolving the circuit split (or if the Ninth Circuit itself reconsidered) no one in the TCPA Class would receive *anything* for TCPA claims. In fact, currently pending before the Supreme Court is a petition for certiorari filed on October 17, 2019 from *Duguid v. Facebook, Inc.,* 926 F.3d 1146 (9th Cir. 2019), which relates to the Ninth Circuit decision in *Marks*.

Similarly, Plaintiffs' CIPA claims face a significant challenge as well. On Dec. 20, 2019, the Court of Appeal in *Smith v. LoanMe, Inc.*, E069752, 2019 WL 6974386 (Cal. App. 4th Dist. Dec. 20, 2019) ruled, that Section 632.7 applies only to third party eavesdroppers who receive (or intercept) communications without all parties consent and does not prohibit the participants in a phone call from intentionally recording it. As there is no allegation that First Choice intercepted the calls, if the *Smith* ruling were adopted by the California Supreme Court, that would deal a fatal blow to the CIPA claims. In light of these significant legal challenges, the Settlement reached here is an excellent result.

- 16 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

2.     <u>The risk, expense, complexity, and likely duration of further litigation.</u>

Plaintiffs faced multiple hurdles to clear before they could actually recover damages through further litigation. Plaintiffs would not only have to prevail at trial, but also retain any favorable judgment through the appellate process. It is because almost all class actions involve a high level of risk, expense, and complexity that judicial policy so strongly favors resolving class actions through settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998).

Litigating this case to trial and through any appeals would be expensive and time-consuming and would present risk to both parties. The Settlement, by contrast, provides prompt and certain relief for Settlement Class Members.

3.     <u>The risk of maintaining class action status through trial.</u>

Certification of this case was not a certainty, and even if it was granted an appeal under Fed. R. Civ. P. 23(f) would be sure to follow. This counsels in favor of preliminary approval. *See Custom LED, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014).

4.     <u>The amount offered in Settlement.</u>

First Choice has agreed to pay $1.6 million to settle Plaintiffs' and class members' claims. Each participating Member of the Settlement Classes will receive an equal cash payment. Based on their experience with claims rates in

- 17 -

TCPA and other class settlements, Plaintiffs' Counsel and the proposed Settlement Administrator estimate that each participating Settlement Class Member will receive approximately $60. Broderick Decl. ¶ 9. The final amount could be higher or lower depending on the number of claims. The current proposed Settlement is reasonable and of fair value given the significant litigation risks Plaintiffs face in continuing to litigate.

The Settlement amounts also exceed those in other TCPA settlements approved in California and across the country.[5]  Finally, the Settlement includes prospective relief that will benefit all Settlement Class Members, even those who do not make a claim. First Choice has changed its corporate practices to increase awareness of TCPA compliance. Settlement Agreement ¶4.2.

5.     The extent of discovery completed and the stage of proceedings.

For this factor, courts look to whether the parties have sufficient information to make an informed decision with respect to the settlement. *See In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir. 2000). Here there can be

---

[5] *In re Capital One Tel. Consumer Prot. Act Litig. (In re Capital One)*, 80 F. Supp. 3d 781, 787 (N.D. Ill. 2015) (approving settlement where each class member received $34.60 per claimant); *Estrada v. iYogi, Inc.,* No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98 each); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40 each).

no doubt as to this factor. engaged in comprehensive class, merits, expert, and third-party discovery. As set forth above, the Settlement here was reached only after extensive discovery and expert analysis.

### 6.   The experience and views of counsel.

Class Counsel have extensive experience litigating and settling class actions, and TCPA class actions in particular, and all believe the Settlement represents an excellent result for the class and merits preliminary approval. Broderick Decl. ¶¶ 4, 11-16; Paronich Decl. ¶¶ 1, 5-8; Stempler Decl. ¶¶ 1, 8-14; Heidarpour Decl. ¶¶ 3-4 and McCue Decl. ¶¶ 4, 9-15. The recommendation of experienced counsel weighs in favor of granting final approval and creates a presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." (citation omitted)); *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citing counsel's experience and recommendation as weighing in favor of approval). The fact that qualified and well-informed counsel endorse the settlement as being fair, reasonable, and adequate weighs heavily in favor of approval. *See, e.g.*, Broderick Decl. ¶ 4.

7.     <u>The presence of a governmental participant.</u>

While no governmental entity is a party to this litigation, notice will be issued to the Attorney General of the United States and Attorneys General of each of the States in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715, and given an opportunity to raise any objections or concerns they may have. Settlement § 6.4.

8.     <u>The reaction of Settlement Class Members to the proposed Settlement.</u>

The Settlement Class Members have not yet had an opportunity to react to the proposed Settlement because they have not been notified of it. Plaintiffs will provide the Court with information about Settlement Class Members' reaction in their motion for final approval of the Settlement.

9.     <u>Lack of collusion among the parties.</u>

This case has been hard fought since the beginning. The parties were at all times adversarial, including during settlement discussions. "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted); *see also Rodriguez*, 563 F.3d at 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). The parties commenced the

settlement discussions that led to this agreement just weeks before trial was set to begin, and after class certification and cross motions for summary judgment were resolved.

The Ninth Circuit has identified "red flags" that it says may suggest that plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations: (1) when counsel receive a disproportionate portion of the settlement; (2) when the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds; and (3) when the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). None of these warning signs are present in this case. Class Counsel will be paid from the same non-reversionary Settlement Fund as Settlement Class Members, and were therefore incentivized to negotiate the largest fund possible. Class Counsel will not request a fee greater than 25% of the Settlement Fund, which is in line with the Ninth Circuit's benchmark. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

## C.    Plaintiffs' attorneys' fees are reasonable.

Class Counsel intend to seek an award of 25% of the Settlement Fund in reasonable attorneys' fees, as well as reimbursement for out-of-pocket costs they have incurred prosecuting this action. Class Counsel intend to request fees at the

- 21 -

benchmark of 25%, *i.e.* $400,000 for work performed on a purely contingency basis without guarantee of payment. Class Counsel will also seek expenses not to exceed $65,000 for litigation costs, including class notice, deposition costs, and expert witness fees.

The attorneys' fees and costs Class Counsel will seek are reasonable under the circumstances of this case. *See In re Bluetooth*, 654 F.3d at 941 (requiring that any attorneys' fee awarded be reasonable). The typical range of acceptable attorney fees in the Ninth Circuit is 20% to 30% of the total settlement value, with 25% considered a benchmark percentage. *Id.* at 1048. A court may depart from the benchmark if it provides "adequate explanation" of any "special circumstances justifying a departure." *Bluetooth*, 654 F.3d at 942.

Class Counsel will file a fee petition consistent with *Mercury Interactive*, *supra*, explaining that no reason exists to depart from the benchmark here.

**D.     The Service Awards are reasonable.**

Service awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel"). Here, Plaintiffs will request a Service Award of $5,000 each. Settlement § 8.4. Service Awards of $5,000 are reasonable and in

- 22 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

line with awards approved by federal courts in California and elsewhere.[6]

**E.    The proposed Notice Plan should be approved.**

The federal rules provide that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The parties have agreed on a Notice Plan that will provide Settlement Class Members with direct mail or email notice that describes the Settlement and Settlement Class Members' rights in plain English, and a Settlement Website and a toll-free number to obtain more information. The Notice Plan satisfies the requirements of Rule 23 and due process.

1.    <u>The Settlement provides for the best notice practicable under the circumstances.</u>

Class Counsel has provided the Settlement Administrator with the list of approximately 155,071 telephone numbers associated with potential Settlement Class Members. KCC has designed a Notice Program that includes direct notice by

---

[6] *See, e.g., In re Nat'l Collegiate Athletic Ass'n*, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017) (awarding $20,000 incentive awards to each of four class representatives and collecting cases approving similar awards); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329–30 & n.9 (W.D. Wash. 2009) (collecting decisions approving awards ranging from $5,000 to $40,000); *Sykes v. Mel Harris & Assoc., LLC*, 09 Civ. 8486 (DC), 2016 WL 3030156, at *18 (S.D.N.Y. May 24, 2016) (approving $30,000 incentive awards where plaintiffs "took on significant risks in rejecting" offers of judgment); *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425 at *3 (N.D. Ga. Jan. 30, 2017) (approving $20,000 service awards and noting that the class representatives rejected offers of judgment that would have compensated them more than this service award and therefore put the class's interest above his or her own).

email or postcard to the identified Settlement Class Members and robust Publication Notice to ensure that any unidentified Settlement Class Members are also notified. Given the circumstances, KCC's designed plan is the best practicable notice. *See Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM (JCx), 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) (approving a similar postcard notice plan).

>2.   The proposed notice forms adequately inform Settlement Class Members of the Settlement and their rights.

The proposed postcard notice, together with the website notice, are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and also describe "the action and the plaintiffs' rights in it." *Hawthorne v. Umpqua Bank*, No. 11-cv-6700-JST, 2014 WL 4602572, at *6 (N.D. Cal. Sept. 15, 2014) (quoting *Philips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)). The notices are written in plain English, and will include the dates for Settlement Class Members to object to the Settlement and the Final Approval Hearing.

**F.   The schedule for final approval.**

The parties propose the following schedule for final approval of the Settlement:

| Event | Date |
|-------|------|
| Notice deadline | 21 days after entry of Preliminary Approval Order |
| Class Counsel to file motion for attorneys' fees | 30 after entry of Preliminary Approval Order |
| Deadline for Settlement Class Members to file claims, object, and request exclusion | 90 days after entry of the Preliminary Approval Order |
| Class Counsel to file motion for final approval and response to objections | 14 days before Final Approval Hearing |
| Final Approval Hearing | No sooner than 120 days after the filing of the Motion for Preliminary Approval |

## IV.   CONCLUSION

Plaintiffs request that the Court enter an order that: (1) certifies the proposed Settlement Class for settlement purposes only; (2) grants preliminary approval of the proposed Settlement; (3) directs notice to be disseminated to Settlement Class Members in the form and manner proposed by the parties; (4) appoints KCC to serve as the Settlement Administrator; and (5) sets a schedule and hearing date for final approval of the Settlement and related deadlines.

RESPECTFULLY SUBMITTED AND DATED on March 17, 2020.

By: *Edward A. Broderick*
Edward A. Broderick, *Admitted Pro Hac*

Robert Stempler, State Bar No. 160299
E-mail:
socalconsumerlawyer@gmail.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
1255 W Colton Ave, Suite 607
Redlands, CA 92374-2861
Telephone: (323) 486-0102

Anthony I. Paronich (*Pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

Matthew P. McCue, *Pro Hac Vice*
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P.
McCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile:  (508) 319-3077

Andrew W. Heidarpour, *Pro Hac Vice*
E-mail: AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiffs and the Proposed
Classes*

- 26 -

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

1

## **CERTIFICATE OF SERVICE**

2

3   I, Edward A. Broderick, hereby certify that on March 17, 2020, I

4   electronically filed the foregoing with the Clerk of the Court using the CM/ECF

    system, which will send notification to all counsel of record.
5

6                          By: *Edward A. Broderick*
                               Edward A. Broderick
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE AND MEM. P&A. PLS' MOT. PRELIM. APPROVAL CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC