Edward A. Broderick, *Admitted Pro Hac*
Email: ted@broderick-law.com
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile:  (617) 830-0327

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCHAFFER and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>FIRST CHOICE PAYMENT SOLUTIONS G.P., d/b/a SEKURE MERCHANT SOLUTIONS<br>           Defendants. | NO.  8:18-cv-01981-DOC<br><br>NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed:     November 5, 2018<br>HEARING DATE:     July 20, 2020<br>TIME:          8:30 a.m.<br>LOCATION:     411 West Fourth Street, Santa Ana, CA 92701 **Telephone Hearing Requested** |

- i -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

TO:   THE CLERK OF THE COURT; and DEFENDANT FIRST CHOICE
      PAYMENT SOLUTIONS, G.P, and ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 20, 2020, at 8:30 a.m., or as soon thereafter as this matter may be heard, at the Oakland Courthouse for the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California, 92701, Plaintiffs James Schaffer and Terry Fabricant will move for final approval of a class action settlement in the above-captioned matter.

Plaintiff seeks a Court order that (1) finally certifies the Settlement Classes and approves the Settlement as fair, reasonable and adequate and (2) awards Class Counsel their requested $400,000 in attorneys' fees, expenses of $61,544.72 and incentive awards for each of the Class Representatives of $5,000 each.

The motion will be based on: this Notice of Motion; the following Memorandum of Points and Authorities; the declaration of Edward A. Broderick submitted herewith, along with previously filed declarations of Anthony Paronich, Robert Stempler, Andrew Heidarpour and Matthew McCue; the Declaration of Jay Geraci of KCC filed herewith; the records and file in this action; and such other matter as may be presented before or at the hearing of the motion.

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................1

II.    BACKGROUND...............................................................................3

   A.    Statutory Background of Plaintiff's Claims...................................3

   B.    Plaintiffs' Allegations.....................................................................3

   C.    The Litigation and Settlement Negotiations ..................................4

   D.    Terms of the Settlement and Preliminary Approval ......................5

III.    ARGUMENT AND AUTHORITY .................................................9

   A.    The proposed Settlement should be approved as fair, reasonable and adequate. ...................................................................................9

      1.    The relief provided by the settlement taking into account the strength of Plaintiff's case and the risk, cost, and delay of trial and appeal favors approval. ....................................................................................11

      2.    The extent of discovery, stage of proceedings, and recommendation of experienced counsel favor approval..................................................13

      3.    The response of the Classes favors approval. ..........................14

      4.    The Rule 23(e)(2) considerations favor approval. ...................15

   B.    The proposed Settlement should be finally certified for settlement purposes. ......................................................................................17

   C.    The notice program complied with Rule 23 and due process....................17

IV.    CONCLUSION ...........................................................................20

- iii -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018)....................................................11

*Chavez v. PHC Corp.*, No. 13-cv-01797-LHK, 2015 WL 581382, at *6 (N.D. Cal. Feb. 11, 2015)..............................................................................................................18

*Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, 372 (3d Cir. 2015)..........................12

*Duguid v. Facebook, Inc.,* 926 F.3d 1146 (9th Cir. 2019)......................................12

*Gadelhak v. AT&T Services, Inc.*, 7th Circuit Court of Appeals, Action No. 19-1739 (February 19, 2020) ..................................................................................................12

*Glasser v. Hilton Grand Vacations, LLC, 202 U.S. App. LEXIS 2481* (January 27, 2020) .........................................................................................................................12

*Hawthorne v. Umpqua Bank*, No. 11-cv-6700-JST, 2014 WL 4602572, at *6 (N.D. Cal. Sept. 15, 2014) ...................................................................................................18

*In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320-21 (N.D. Cal. 2018)..14

*In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011)......10

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) 15

*In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. 2010) .....................16

*In re Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 944-45 (9th Cir. 2015)...14

*In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) .............................9

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) ......................................................................14

*Marks* ........................................................................................................................12

Marks v. Crunch, 904 F.3d 1041 (9th Cir. 2018) ....................................................12

*Moore v. Verizon Commc'n Inc.,* No. C 09-1823 SBA, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) .......................................................................................14

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)............18

*Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). .........................................8

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009)........................9

Smith v. LoanMe, Inc., E069752, 2019 WL 6974386 (Cal. App. 4th Dist. Dec. 20, 2019) .........................................................................................................................12

*Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) ........................................................................................14

**Statutes**

47 U.S.C. § 227(b)(1)..................................................................................................3

California Penal Code § 632.7 .....................................................................................3

- iv -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

28 U.S.C. Section 1715............................................................................19

**Rules**
Fed. R. Civ. P. 23(c)(2)(B) ...................................................................18
Fed. R. Civ. P. 23(e)(1)........................................................................18
Fed. R. Civ. P. 23(e)(2)........................................................................10
Fed. R. Civ. P. 23(e)..............................................................................9
Rule 23 ................................................................................................10
Rule 23(e)(3) ......................................................................................10

- v -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

# I.    INTRODUCTION

Plaintiffs James Schaffer and Terry Fabricant ("Plaintiffs") seek final approval of a proposed settlement (attached hereto as Exhibit 1) ("Settlement Agreement") that requires defendant First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions ("First Choice" or "Defendant") to pay $1,600,000 to establish a non-reversionary common fund for the benefit of two proposed classes of users or subscribers of 155,071 cellular telephones on a Class List.[1]

The Notice Plan approved by the Court has been implemented by the parties and the Court-approved Settlement Administrator, Kurtzman Carson Consultants, LLC ("KCC"), as is attested to in the *Declaration of Jay Geraci*, attached hereto as Exhibit 1 ("Geraci Decl."). Direct Mail Notice was successfully delivered to approximately 89.4% of identified Settlement Class Members, and the remaining Settlement Class Members were provided notice through the settlement website. *Geraci Decl.* ¶¶ 9-11. The reaction of the Settlement Class has been very positive. There are no objections to the settlement, and not a single class member opted out of the settlement. *Id.* ¶¶ 15-16.  To date, 9,283 valid claims have been filed. *Id.* ¶ 14.  While the distribution of the Settlement Fund will not be finalized until the Court rules on the motion for attorneys' fees and the Settlement Class Members, it

---

[1] First Choice does not oppose this motion insofar as it supports the settlement. First Choice does not concede or admit, and in fact disputes, many of Plaintiff's assertions. All capitalized terms not defined herein have the meanings set forth in the Settlement Agreement.

- 1 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

currently appears that Settlement Class Members who filed valid claims will receive an estimated payment of $97 per affected telephone number, although claims filed at the end of the claim period may still arrive via mail, this payout is well above the range for approvability of similar cases.

All of the factors that courts consider support granting final approval of the settlement. The relief provided by the settlement is significant, particularly given the risk and expense of continued litigation. The settlement ensures that class members are compensated without delay and eliminates the risk of loss at trial or on appeal. Having engaged in fact and expert discovery as to Defendant, taking depositions, arguing two motions to compel discovery responses and amending the complaint based on information uncovered in discovery, the parties were fully apprised of the strengths and weaknesses of the claims and defenses when they reached their Settlement. Class Counsel have successfully litigated many TCPA cases and fully support the settlement. And that no class members objected further supports final approval of the settlement. Plaintiffs request that the Court certify the Settlement Class for settlement purposes and approve the settlement as fair, reasonable and adequate.

- 2 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

## II.   BACKGROUND

**A.   Statutory Background of Plaintiff's Claims**

The TCPA renders it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1).

California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.

**B.   Plaintiffs' Allegations**

On June 27, 2018 the Plaintiff Fabricant alleges that he received a predictively dialed call from Defendant on his cellular telephone using an ATDS. Mr. Fabricant alleges that the telemarketer, "Jonathan" attempted to sell the

- 3 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

Plaintiff Fabricant Sekure goods or services. Fabricant alleges that "Jonathan" never disclosed that the call was being recorded.

Plaintiff Schafer alleges that on October 19, 2018 he was called by Sekure on his cellular telephone via an ATDS. Plaintiff Schafer spoke to "Danielle", who identified herself as an employee of Sekure and attempted to sell the Plaintiff Sekure's services. Plaintiff Schafer alleges he was not informed that the call was being recorded.

## C.     The Litigation and Settlement Negotiations

The parties litigated this action for over a year before commencing settlement negotiations. Plaintiffs' initial complaint field on November 5, 2018 alleged only TCPA violations. On June 18, 2019, based on information received in discovery, Plaintiffs added a second count for alleged violations of CIPA. Over the course of discovery, Plaintiffs propounded multiple sets of discovery to Defendant served third party subpoenas to parties involved in the telemarketing, received more than 10,000 pages of documents in response and took depositions of three of Defendant's employees in Montreal, Canada. Plaintiffs also retained an expert witness, Anya Verkhovskaya, to analyze the call records obtained in discovery to identify the number of calls and recordings. Plaintiffs retained a second expert, Randy Snyder, to opine on whether the Five9 system allegedly used by Defendant qualified as an ATDS.  The Plaintiffs retained a third expert, Dr. Michael Mandel,

- 4 -

to opine on the ability to identify which telemarketing calls were recorded for purposes of a CIPA violation.

Armed with a well-developed record, Plaintiffs participated in a mediation session in Tampa, Florida on October 29, 2019 with Peter J. Grilli, Esq., a nationally-recognized mediator with particular expertise in resolving TCPA class actions. Broderick Dec. ¶ 6. While the mediation session didn't result in a settlement, in the following months, the Parties continued to pursue subsequent, good-faith, arms-length settlement negotiations that resulted in an agreement on the material terms of this Agreement.

**D.     Terms of the Settlement and Preliminary Approval**

The terms of the settlement are memorialized in the parties' Class Action Settlement Agreement ("SA"), Ex. 1.[2] On March 17, 2020, Plaintiffs filed their *Unopposed Motion for Preliminary Approval of Class Action Settlement* (ECF 60). On March 30, 2020, the Court granted Plaintiffs' Motion and entered preliminary approval of the Settlement. (ECF 64).

1.     The Proposed Settlement Classes

The "TCPA Class" is defined as the user or subscribers of 155,071 cellular telephone numbers on the Class List who allegedly received calls made by

---

[2] Defined terms used in this motion are defined in the Class Action Settlement Agreement.

- 5 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

Defendant. *Settlement Agreement*, ¶ 1.48. A second class, which is a subset of the TCPA Class, is the "CIPA Class" which consist of 19,460 cellular telephone numbers, also on the Class List, assigned to California area codes. Plaintiffs allege that members of the CIPA Class were recorded without proper disclosure in violation of California Penal Code § 632.7 ("CIPA"). *Settlement Agreement*, ¶ 1.7.

### 2.   The Released Claims

In exchange for the benefits provided by the settlement, members of the TCPA Class will release any legal claims that arise from the telemarketing calls made by First Choice from February 2, 2018 through the date of Final Approval by the Court. Members of the CIPA Class release their legal claims that arise from the telemarketing calls from June 18, 2018 through the date of Final Approval by the Court. Both Settlement Classes are precisely defined as the users or subscribers of the telephone numbers on the Class List, rather than a broad national class of all individuals who may have received calls.

### 3.   The Settlement Fund and Allocation of the Settlement Fund

The proposed settlement requires First Choice to pay $1,600,000 to distribute to participating class members and to pay the attorneys' fee award, service award, and settlement administration costs. SA § 1.45. After payment of the attorneys' fee award, service award, and settlement administration costs

approved by the Court, the settlement fund will be distributed to all class members who submit timely and valid claim forms. SA § 4.3(b).

Recovery to all Members who file a valid claim pursuant to Section 5 of the Settlement Agreement on a *pro rata* basis based on the number of valid claim forms received. Multiple subscribers and/or users of any unique telephone number shall be limited to a single recovery per call. In calculating the *pro rata* payment: (1) Members of the TCPA Class only shall be entitled to one share each for their respective TCPA claims; and (2)  Members of the CIPA Class, who are by definition already part of the TCPA Class, shall also be entitled to an additional one share each for their respective CIPA claims. To spell out the calculation, the total number of validly claiming TCPA Class Members plus the total number of validly claiming CIPA class members shall be divided into the Settlement Class Recovery to yield a "share." Each such share shall permit a Member to be paid, by a Benefit Check, a Cash Benefit equal to the net of the Settlement Class Recovery divided by the total number of shares allocated to all Members. *Id.*

Class members had 60 days from the mailing of the notice to submit a claim form. SA § 5. Any class members who deposit or cash their recovery will receive another *pro rata* distribution from the common fund from class members who did not cash or deposit the first settlement check (unless the cost of doing so is administratively infeasible). SA § 4.3(d). The settlement fund is non-reversionary.

- 7 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

SA § 4.3(d). If funds remain due to uncashed checks, they will be disbursed to the National Consumer Law Center, to the extent it is administratively infeasible to further distribute them to settlement class members. SA § 1.15.

### 4.    Remedial and Non-Monetary Relief

As part of the settlement, the Defendant agreed that it will take remedial steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to cellular telephone service. SA, ¶ 4.2.

### 5.    The Settlement Administrator and Settlement Administration Costs

The Plaintiffs have retained KCC as the Settlement Administrator with Court approval. SA § 1.42. KCC estimates that through distribution of checks, the administration to total $210,948.42. *Geraci Decl.* cl. ¶ 18.

### 6.    The Requested Fee, Expense and Incentive Award

On April 29, 2020, Class Counsel filed their Motion for Attorneys; Fees, Expenses and Incentive Award (ECF 65) in which they requested attorneys' fees of 25% of the settlement fund, or $400,000, attorney expenses of $61,544.72, and incentive awards of $5,000 to each of the Class Representatives. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

- 8 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

7.   <u>The Cy Pres Recipient</u>

If there is money left over following the initial distribution that is too small to be practicably distributed to class members, the parties propose that it go to the National Consumer Law Center, a nonprofit organization that works for consumer, including advocating against illegal telemarketing. The National Consumer Law Center has been approved as designee in multiple TCPA class settlements.

## III.   ARGUMENT AND AUTHORITY

**A.   The proposed Settlement should be approved as fair, reasonable and adequate.**

Settlements are favored, particularly in the class action context. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."). Courts recognize that a settlement approval hearing should not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very outcome in litigation  and avoidance of wasteful and expensive litigation that induce consensual settlements." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009).

Proposed class action settlements are not effective unless approved by the Court. Fed. R. Civ. P. 23(e). When deciding whether to find a class settlement to

- 9 -

be fair, reasonable, and adequate, courts consider (1) the  strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Village, L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004)).

In addition, under the recent amendments to Rule 23, courts consider whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). All of these factors support a finding that the settlement is fair, reasonable, and adequate.

- 10 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

When a case settles before class certification, the court must also determine whether the class satisfies the Rule 23 requirements for class certification, which the Court did in granting preliminary approval.

1. <u>The relief provided by the settlement taking into account the strength of Plaintiff's case and the risk, cost, and delay of trial and appeal favors approval.</u>

The settlement includes both a monetary component and prospective relief, establishing a $1,600,000 non-reversionary fund as well as practice changes. This represents an excellent result for the Settlement Classes. Plaintiffs believe they have a strong case for liability. Broderick Decl. ¶ 7. Plaintiffs obtained calling records and expert testimony that the system used constituted an ATDS. But success on this score was certainly not guaranteed. One of those risks focuses on the question of whether First Choice's dialing system is an "Automatic Telephone Dialing System" under the TCPA. As an initial matter, on July 10, 2015, the FCC released an omnibus declaratory ruling clarifying numerous relevant issues affecting the TCPA, including definition of an ATDS under the statute[3]—which was overturned in part in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). Following the D.C. Circuit's decision in *ACA Int'l* courts have been split on what constitutes an ATDS under the TCPA.

---

[3]   *See* https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf.

The Ninth Circuit's view, announced in *Marks v. Crunch*, 904 F.3d 1041 (9th Cir. 2018) that to qualify as an ATDS a dialer need not generate the numbers that it are going to be called, has become a minority view among circuit courts to consider the issue. *See Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, 372 (3d Cir. 2015) (holding that "'random or sequential' number generation ... refers to the numbers themselves rather than the manner in which they are dialed"). The Eleventh Circuit has adopted a version of the same analysis, *Glasser v. Hilton Grand Vacations, LLC, 202 U.S. App. LEXIS 2481* (January 27, 2020), as did the Seventh Circuit, *Gadelhak v. AT&T Services, Inc.*, 7th Circuit Court of Appeals, Action No. 19-1739 (February 19, 2020). If the Supreme Court were to reject the reasoning of *Marks* in resolving the circuit split (or if the Ninth Circuit itself reconsidered) no one in the TCPA Class would receive *anything* for TCPA claims. In fact, currently pending before the Supreme Court is a petition for certiorari filed on October 17, 2019 from *Duguid v. Facebook, Inc.,* 926 F.3d 1146 (9th Cir. 2019), which relates to the Ninth Circuit decision in *Marks*.

Similarly, Plaintiffs' CIPA claims face a significant challenge as well. On Dec. 20, 2019, the Court of Appeal in *Smith v. LoanMe, Inc.*, E069752, 2019 WL 6974386 (Cal. App. 4th Dist. Dec. 20, 2019) ruled, that Section 632.7 applies only to third party eavesdroppers who receive (or intercept) communications without all parties consent and does not prohibit the participants in a phone call

from intentionally recording it. As there is no allegation that First Choice intercepted the calls, if the *Smith* ruling were adopted by the California Supreme Court, that would deal a fatal blow to the CIPA claims. In light of these significant legal challenges, the Settlement reached here is an excellent result.

2.  The extent of discovery, stage of proceedings, and recommendation of experienced counsel favor approval.

Because the Settlement was negotiated after engaging in fact and expert discovery as to Defendant, taking depositions, arguing two motions to compel discovery responses and amending the complaint based on information uncovered in discovery, the parties were fully apprised of the strengths and weaknesses of the claims and defenses when they reached their Settlement. Plaintiffs are represented by counsel who are experienced in litigating class action cases and TCPA claims in particular, who were appointed as Class Counsel in this case and have previously been appointed by the courts in consumer class actions, and who all attest that they believe the Settlement merits final approval from the Court. Broderick Decl. ¶¶ 4, 10-15 (Ex. 2 hereto); Paronich Decl., DE 65-3 ¶¶ 1, 4-8; Stempler Decl. DE 65-5. ¶¶ 1-15; Heidarpour Decl., DE 60-5 ¶¶ 2, 5 and McCue Decl., DE 65-2 ¶¶ 4, 9-17.

- 13 -

NOTICE AND MEM. P&A. PLS' MOT. FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Schaffer and Fabricant v. First Choice Payment Solutions, G.P.*, Case No. 8:18-cv-01981-DOC

3. <u>The response of the Classes favors approval.</u>

There are no objections to the settlement, nor has a single class member

opted out. *Geraci Decl.* ¶¶ 15-16. A court may appropriately infer that a class

settlement is fair, reasonable, and adequate when few (or no) class members object

to it. *See Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL

1622881, at *8 (N.D. Cal. Apr. 25, 2016) (observing that "the absence of a large

number of objections to a proposed class action settlement raises a strong

presumption that the terms of a proposed class settlement action are favorable to

the class members" (citation omitted)). Settlement Class Members instead chose to

participate in the settlement, filing 9,283 valid claim forms which represent 9,425

valid class phone numbers. *Geraci Decl.* ¶ 14. That approximately 6.1% of

Settlement Class Members chose to participate supports approval. *See, e.g., In re

Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 944-45 (9th Cir. 2015)

(affirming approval of settlement where 1,183,444 of 35 million class members—

less than 3.4%—filed claims); *Moore v. Verizon Commc'n Inc.,* No. C 09-1823

SBA, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (granting final approval

of class action  settlement with 3% claims rate); *see also In re Anthem, Inc. Data

Breach Litig.*, 327 F.R.D. 299, 320-21 (N.D. Cal. 2018) (finding that low rates of

objections and opt-outs are 'indicia of the approval of the class'" (citation

omitted)).

- 14 -

4.      The Rule 23(e)(2) considerations favor approval.

The considerations outlined in the newly revised Rule 23(e)(2) also support final approval of the settlement. The first consideration is the adequacy of Plaintiffs' and their counsel's representation of the Settlement Class. In granting preliminary approval of the settlement, the Court considered allowed Plaintiffs' request that they be appointed as Representatives of the Classes and that their counsel be appointed to represent the Classes. Plaintiffs committed significant time to this case and support the settlement. Class Counsel, who have a great deal of experience litigating and settling TCPA class action cases, also wholeheartedly support the settlement. This consideration therefore supports approval.

The second consideration also supports approval because the settlement was the product of extensive discovery and was negotiated at arms' length—as the Court noted in its Preliminary Approval Order. ECF 64 at 2:13-16. None of the "red flags" of potential collusion the Ninth Circuit has identified exist in this case. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (noting that plaintiffs' counsel may have allowed pursuit of their own self-interest to infect settlement negotiations when they receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be

added to the class fund). The third consideration also supports settlement. As discussed above, the $1,600,000 million Settlement Fund combined with First Choice's changes to its practices is more than adequate to warrant approval, particularly in light of the costs, risks and delay of trial and appeal. The distribution plan ensures that Settlement Class Members will be treated equitably relative to each other. Settlement Class Members were able to submit one claim form for each cellular or residential number on which they received the calls at issue.

The claim form merely required the Class Member's her name, contact information, the telephone number at which he or she received the allegedly unlawful calls, and an affirmation that the information is accurate. The Settlement Fund will be distributed to all Settlement Class Members who filed valid claims. Plaintiffs addressed the reasonableness of the requested attorneys' fees, expenses and incentive award in the motion filed on April 29, 2020 (ECF 65), which was 30 days before the deadline for Settlement Class Members to opt out or object in compliance with *In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. 2010). There were no objections to the requested fees.

**B.     The proposed Settlement should be finally certified for settlement purposes.**

The Court conditionally certified the Settlement Classes for settlement purposes when it granted preliminary approval of the settlement. The Court concluded that the Settlement Classes satisfy numerosity because they have at least 155,071, satisfy commonality because questions like whether First Choice is vicariously liable for calls made on its behalf turn on common evidence, satisfies typicality because Plaintiffs' and Class Members' claims arise from the same course of alleged conduct, and satisfies adequacy because Plaintiffs have no conflicts with Class Members, have demonstrated their commitment to the Class, and have retained qualified counsel. In addition, the Court found that predominance was satisfied because common questions, including First Choice's vicarious liability, predominate over individualized issues and classwide resolution is the only practice method of addressing the alleged telemarketing violations at issue. For the same reasons, the Court should finally certify the Settlement Class for settlement purposes.

**C.     The notice program complied with Rule 23 and due process.**

The settlement notice program approved by the Court and implemented by KCC satisfied the requirements of Rule 23 and due process. Rule 23 provides that

- 17 -

"[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). When the class is certified under Rule 23(b)(3), the notice must also be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To comply with constitutional due process standards, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Court approved the postcard notice in granting preliminary approval of the settlement. The notice was "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and described "the action and the plaintiffs' rights in it." *Hawthorne v. Umpqua Bank*, No. 11-cv-6700-JST, 2014 WL 4602572, at *6 (N.D. Cal. Sept. 15, 2014) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)). The notice was written in plain English and included the dates for class members to object and the final approval hearing. *See Chavez v. PHC Corp.*, No. 13-cv-01797-LHK, 2015 WL 581382, at *6 (N.D. Cal. Feb. 11, 2015) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate

- 18 -

and to come forward and be heard.'" (citation omitted)).  KCC sent the Court-approved Postcard Notice via U.S. Mail to 151,429 Members of the Settlement Classes. Geraci Decl. ¶¶ 5-7. In total, 135,431 Postcard Notices were successfully delivered, representing approximately 89.4% of the identified Settlement Class Members. *Id.* ¶¶ 9-11. KCC established a settlement website with detailed information about the settlement. *Id.* ¶ 12. The website address was printed on all notices. *Id.* Located at http://www.sekuretcpasettlement.com/, the website had 5,040 hits as of July 2, 2020. *Id.*. The website lists important dates and class members' rights and options, includes frequently asked questions and key documents from the case like the settlement agreement and motion for attorneys' fees, and allowed class members to submit an online claim. *Id.* ¶ . The website (and notices) also provided a toll-free number that class members could call to reach a 24-hour automated phone system with recorded answers to frequently asked questions. *Id.* ¶ 12. The toll-free number has received 429 calls as of July 2, 2020. *Id.* KCC additionally completed the notice required by the  Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715 on April 6, 2020 and has received no response to the CAFA Notice packet. *Id*. ¶¶ 2-4.

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court finally certify the Settlement Class and approve the settlement as fair, reasonable and adequate. For the convenience of the Court, a Proposed Final Approval Order is submitted herewith as Exhibit 3.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of July, 2020.

By: *Edward A. Broderick*
Edward A. Broderick, *Admitted Pro Hac*


Robert Stempler, State Bar No. 160299
E-mail: socalconsumerlawyer@gmail.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
1255 W Colton Ave, Suite 607
Redlands, CA 92374-2861
Telephone: (323) 486-0102

Anthony I. Paronich (P*ro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

Matthew P. McCue, *Pro Hac Vice*
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P.
McCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

- 20 -

Telephone: (508) 655-1415
Facsimile:  (508) 319-3077

Andrew W. Heidarpour, *Pro Hac Vice*
E-mail: AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

I, Edward A. Broderick, hereby certify that on July 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

By: *Edward A. Broderick*
Edward A. Broderick