UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCHAFFER and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST CHOICE PAYMENT SOLUTIONS G.P., d/b/a SEKURE MERCHANT SOLUTIONS,<br><br>Defendant. | CASE NO: 8:18-cv-01981-DOC-KES<br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT |

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on March 30, 2020, and notice was given to all members of the Settlement Classes under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I. Jurisdiction

**1.** This Court has jurisdiction over the subject matter of the Action and over

all parties to the Action, including all members of the Settlement Classes.[1]

## II. Class Definitions

2.  Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Classes", consisting of:

**"TCPA Class"** means all Persons within the United States who are the users or subscribers of the 155,071 telephone numbers identified on the Class List to whom Defendant and/or a third party acting on its behalf made a telephone call using an automated telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call for the purpose of promoting Defendant's goods or services from February 2, 2018 through the date of the Final Approval Order and Judgment. Excluded from the TCPA Class are the following: (1) any trial judge that may preside over this Action; (ii) Defendant; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing Persons; (vi) any Person of the TCPA Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; and (vii) any Person who has previously given a valid release of the claims asserted in the Action.

**"CIPA Class"** means all Persons who are the users or subscribers of the 19,460 telephone numbers identified on the Class List with a telephone number beginning with a California area code and assigned to a cellular radio telephone, a cellular telephone service, or any service for which the called party is charged for an incoming call to whom Defendant and/or a third party acting on its behalf made a telephone call that was recorded without the consent of the call recipient from June 18, 2018 through

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

the date of the Final Approval Order and Judgment in this case. Excluded from the CIPA Class are the following: (1) any trial judge that may preside over this Action; (ii) Defendant; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing Persons; (vi) any Person of the CIPA Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; and (vii) any Person who has previously given a valid release of the claims asserted in the Action.

### III.   Class Representatives and Class Counsel

3.   Under Federal Rule of Civil Procedure 23, James Schaffer and Terry Fabricant are hereby appointed as Class Representatives.

4.   The following are hereby appointed as Class Counsel:

Anthony I. Paronich
PARONICH LAW PC
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

Andrew W. Heidarpour
HEIDARPOUR LAW FIRM PLLC
1300 Pennsylvania Avenue, NW 190-318
Washington, District of Columbia 20004

Robert Stempler
CONSUMER LAW OFFICE OF ROBERT STEMPLER APC
8200 Wilshire Boulevard, Suite 200
Beverly Hills, California 30211

Edward Broderick
BRODERICK LAW, P.C.
176 Federal St., Fifth Floor
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

## IV.   Rule 23 Requirements

5. Pursuant to Rule 23(a) Court finds that: (a) the Settlement Classes are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Classes; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Classes; and (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Classes.

6. Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Classes predominate over the questions affecting only individual members, and (B) certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of the controversy.

## V. Notice and Opt-outs.

7. The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable effort.

8. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9. All persons who made timely and valid requests for exclusion are

3

excluded from the Settlement Classes and are not bound by this Final Approval Order and Judgment. The list of persons submitting notices seeking exclusion from the Settlement Classes, submitted by the Class Representatives and Class Counsel pursuant to the Preliminary Approval Order, is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

### VI.    Final Approval of the Settlement.

10.    Pursuant to the Settlement Agreement, the Defendant has agreed to pay one million six hundred thousand dollars ($1,600,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representatives will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs (*i.e.,* the Fee Award for Attorneys' Fees and Costs), the Class Representatives' awards (*i.e.,* the Incentive Award), the costs of notice and administration are deducted (*i.e.*, the Settlement Administration Expenses), and any other expenditure as authorized or ordered by this Court. In addition to payments from the Settlement Fund, Defendant has also agreed that they have taken remedial steps in a good faith effort to ensure compliance going forward with the telemarketing conduct alleged in the First Amended Complaint.

11.    The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, members of the Settlement Classes, and the Defendant. "The Court has not received any objections from any person

regarding the Settlement." The Court held a hearing on July 20, 2020, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on April 6, 2020, and that ninety (90) days has passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Classes. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to members of the Settlement Classes.

13. The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

14. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number of tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the

reportable threshold and/or withholding of taxes and any applicable penalties.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

18. The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

19. Without affecting the finality of this Final Approval Order and Judgment

in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and members of the Settlement Classes for the purpose of implementing and enforcing the Settlement Agreement.

**VII.   Attorneys' Fees, Attorney Expenses and Class Representatives' Awards**

20.   The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $400,000 in attorneys' fees and $61,544.72 in costs. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Settlement Classes that Class Counsel would seek the award.

21.   The Court approves the incentive fee payments of $5,000 for each of the Class Representatives, James Schaffer and Terry Fabricant, and specifically finds those payments to be reasonable in light of the service performed by Messrs. Schaffer

and Fabricant for the Settlement Classes. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any incentive award will be reported as "other income" in Box 3 of the Form 1099-MISC.

22.   Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the members of the Settlement Classes, or the Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: _____, 2020

                                                  Hon. David O. Carter
                                                  United States District Court