UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JAMES SCHAFFER et al.,**  Plaintiffs,  v.  **FIRST CHOICE PAYMENT SOLUTIONS G.P., d/b/a SEKURE MERCHANT SOLUTIONS,**  Defendant. | **Case No. 8:18-cv-01981-DOC-KES**  **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS [65] AND FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [67]** |

Before the Court are Plaintiffs James Schaffer and Terry Fabricant's ("Plaintiffs") Unopposed Motions for Attorneys' Fees, Expenses and Service Awards ("Fees Motion") (Dkt. 65) and for Final Approval of Class Action Settlement ("Settlement Motion") (Dkt. 67). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the unopposed Motions, the Court now GRANTS attorneys' fees, costs, and final approval of the settlement.

## I.     Background

Plaintiffs—on behalf of users or subscribers of 155,071 cellular telephones—allege that Defendant First Choice Payment Solutions G.P., doing business as Sekure Merchant Solutions ("Defendant"), placed and recorded automated telemarketing calls without disclosing the calls were being recorded. Plaintiffs bring causes of action under the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227, and California's Invasion of Privacy Act ("CIPA"), California Penal Code § 632.7.

After over a year of litigation, including extensive discovery, the parties engaged in a mediation session on October 29, 2019. While the session itself did not produce a resolution, the parties continued good-faith, arms-length negotiations for several months, eventually resulting in the present agreement (the "Settlement Agreement").

## II.    Settlement Terms

Under the Settlement Agreement, the "TCPA Class" is defined as the users or subscribers of 155,071 telephone numbers which allegedly received unlawful calls from Defendant. A subset of this class, the "CIPA Class," are the users or subscribers of the 19,460 phone numbers assigned to California area codes.

The proposed Settlement Agreement requires Defendant to pay $1,600,000, and Defendant also agrees to take remedial steps to promote compliance with the TCPA's restrictions on automated telephone dialing systems. The $1.6 million will first be allocated to settlement administration costs, attorneys' fees, and service awards as follows:

Plaintiffs have retained KCC as the Settlement Administrator, which estimates that the costs of claims administration will total $210,948.42.

Class counsel, in accordance with the Ninth Circuit's benchmark of 25% for attorney's fees, request fees of $400,000 ( = 25% of the total settlement of $1,600,000). Counsel request a further $61,544.72 to cover their expenses.

Plaintiffs Schaffer and Fabricant will apply for service awards of $5000 each.

After the settlement administration costs, attorney's fees, and service awards have been paid, approximately $917,506.86 will remain, which will be distributed to all class members who file a valid claim on a *pro rata* basis. Members of the TCPA Class will be allotted one "share" for each of their respective TCPA claims, and members of the CIPA Class will be entitled to an additional one share for each of their respective CIPA claims. The remaining settlement funds will then be distributed in accordance with the class members' respective shares. The average payment is estimated to be around $60 per class member.

If it is feasible to do so, the funds from unclaimed settlement checks will be redistributed on a *pro rata* basis to those class members who cashed or deposited their settlement checks. If any money is left over in an amount too small to be practicably distributed to the class members, such funds shall be directed to the National Consumer Law Center, a consumer-oriented nonprofit that advocates, inter alia, against illegal telemarketing. In any event, the settlement funds are non-reversionary.

Defendant also agrees that it will take remedial measures to promote its compliance with the TCPA.

In exchange for the above benefits under the Settlement Agreement, members of the TCPA Class release any legal claims arising from Defendant's telemarketing calls between February 2, 2018 through the date of this Court's final approval of the settlement. Similarly, members of the CIPA Class release any legal claims arising from Defendant's telemarketing calls between June 18, 2018 through the date of this Court's final approval.

The Court finds that the terms of the Settlement Agreement are fair and reasonable, and were produced via good-faith, arms-length negotiations. The Court again notes, additionally, that Defendant does not object to final approval of the settlement. Furthermore, no class members have objected or opted out to the settlement, and the relatively high participation rate

of 6.1% indicates that the class members support and approve of the Settlement Agreement. The Court therefore certifies the TCPA Class and CIPA Class for purposes of this settlement and grants final approval of the Settlement Agreement. Additionally, the Court believes that the 25% benchmark for attorneys' fees will fairly and adequately compensate class counsel for their efforts and for the results they achieved on behalf of the class. The Court also approves the requested award for class counsels' out-of-pocket expenses, as well as the service awards for the named class representatives.

### III. Notice Plan

In order to give class members notice of the settlement, class counsel have provided KCC, the proposed settlement administrator, with the list of approximately 155,071 telephone numbers at issue in this action. KCC executed a notice plan that combined email, postcard mailings, and publication, including a website notice. The Court finds this notice plan, as well as the parties' proposed notice schedule, was reasonably calculated to inform class members of the settlement and adequate to allow class members the opportunity to object or opt out.

### IV. Disposition

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement and GRANTS Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards. The Court commends counsel on both sides of this action for their diligent efforts in reaching this settlement.

DATED: August 7, 2020

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE